## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| YVETTE THIBAULT, ) | Case No. 13-31204 |
| ) | |
| Debtor ) | |
| ) | |
| ) | |
| STEVEN WEISS, TRUSTEE, ) | Adversary Proceeding |
| ) | No. 14-3001 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JPMORGAN CHASE BANK, N.A. ) | |
| and MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, ) | |
| INC., ) | |
| ) | |
| Defendants ) | |

## **MEMORANDUM OF DECISION**

Before the Court are the "Defendants' Motion to Dismiss Plaintiff's Complaint" (the "Motion to Dismiss"), the "Trustee's Motion for Summary Judgment Against Both Defendants" (the "Trustee's Summary Judgment Motion"), and the "Defendants' Cross-Motion for Summary Judgment" (the "Defendants' Summary Judgment Motion"). Resolution of each of the motions requires the Court to determine a single issue: whether a mortgage recorded under a spelling of the debtor's last name that differs from the spelling asserted by the Chapter 7 trustee (the "Trustee") to be the "correct" spelling is

1

avoidable by the Trustee pursuant to 11 U.S.C. § 544(a).[1]

I.     FACTS AND TRAVEL OF THE CASE

In 1964, Yvette Thibault (the "Debtor") and George Thibault, the Debtor's husband (now deceased), acquired real property located in Springfield, Massachusetts and used as their primary residence (the "Property"). On the deed transferring ownership of the Property (the "Deed"), the Debtor and her husband's last name is spelled "Thibeault," with an "e." The Deed was recorded and indexed at the Hampden County Registry of Deeds (the "Registry") under the last name Thibeault.

In April 1990, the Debtor and her husband granted a mortgage on the Property to Credit Union Providence.[2] The mortgage documents refer to their last name as Thibeault, and both the Debtor and her husband signed the documents using that spelling. Upon recording, the 1990 mortgage (as well as a later discharge of the mortgage) was indexed under the last name Thibeault.

In February 1992, the Debtor and her husband refinanced the outstanding mortgage loan, granting a new mortgage on the Property to Home Credit Corp. The mortgage documents and the signatures again use the spelling Thibeault and were thus indexed by the Registry under that spelling of the last name. A subsequent discharge of

---

[1] Unless otherwise specified, all references to statutory sections are to the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"). See 11 U.S.C. § 101 et seq.

[2] Information regarding various mortgage liens is taken from the exhibits attached to the adversary proceeding complaint (the "Complaint"), the Trustee's Statement of Undisputed Facts and the Defendants' response thereto, and the appendix to the Declaration of Jeffrey D. Adams in support of the Defendants' Motion to Dismiss and Summary Judgment Motion, which exhibits include copies of search results obtained by the Trustee and the Defendants from electronic inquiries performed at the Registry.

2

that mortgage was recorded the same way.³ Shortly thereafter, however, the Debtor and her husband executed a "Certificate of Correction in Name of Owner of Real Estate" (the "Certificate of Correction"). The Certificate of Correction refers to their ownership of property under the name Thibeault, and states that "our present name is 'George and Yvette Thibault.'" Complaint Ex. C, Jan. 7, 2014, ECF No. 1. The Certificate of Correction was recorded on March 19, 1992, and indexed in the Registry only under the name "Thibault".

In 1993, the Debtor and her husband granted a mortgage on the Property to Beneficial Mortgage Corp. to secure a $35,000 line of credit. The Debtor and her husband signed the mortgage documents using the spelling "Thibault" (without an *e*). The mortgage documents, however, refer to both spellings of the last name by identifying the Debtor and her husband as "George Thibault a/k/a/ George Thibeault and Yvette Thibault a/k/a Yvette Thibeault." Def. App. 73, April 15, 2014, ECF No. 24 (emphasis supplied). The 1993 mortgage (and its later discharge) was accordingly indexed under both spellings of the last name.

In 1995, the Debtor and her husband executed yet another mortgage on the Property to Contimortgage Corp. In the 1995 mortgage documents, the last name is spelled with an *e* and the signatures also contain an *e*. The 1995 mortgage (and its later discharge) was recorded and indexed under the last name Thibeault.

In November 2001, a Declaration of Homestead was drafted with the Debtor's last name spelled Thibeault, and was recorded under that spelling. The Debtor's signature,

---

³ Although no discharge of mortgage associated with the name Home Credit Corp. appears in the exhibits or the Registry search results, the Court infers from the documents that the discharge of mortgage granted by an entity identified as "Manufacturers and Traders" is likely a discharge of the mortgage originally held by Home Credit Corp.

3

however, appears to use the spelling without the *e*.

On April 1, 2004, the Debtor borrowed $61,000 from Webster Bank and granted the mortgage at issue here (the "Mortgage") to Mortgage Electronic Registration Systems ("MERS") as nominee for Webster Bank. Both the Mortgage documents and the Debtor's signature spell the Debtor's last name as Thib*e*ault. Consequently, the Mortgage was indexed under the last name Thib*e*ault in the Registry. On November 22, 2013, Webster Bank assigned its rights under the Mortgage to JPMorgan Chase Bank, N.A. ("Chase") by an assignment of mortgage using the spelling of the Debtor's last name with an *e*.

Accordingly, an electronic search of the Registry under each spelling of the Debtor's last name returns the following results:

Thib*e*ault

| | |
|---|---|
| 5/22/1964 | Deed to George and Yvette Thibeault |
| 4/25/1990 | Mortgage (Credit Union Providence) |
| 2/10/1992 | Mortgage (Home Credit Corp.) |
| 3/31/1992 | Discharge of Mortgage (Credit Union Providence) |
| 5/7/1993 | Mortgage (Beneficial Mortgage Co.) |
| 7/28/1995 | Mortgage (Contimortgage Corp.) |
| 8/17/1995 | Discharge of Mortgage (Beneficial Mortgage Co.) |
| 9/19/1995 | Discharge of Mortgage (Contimortgage Corp.) |
| 11/1/2001 | Declaration of Homestead |
| 4/6/2004 | Mortgage (MERS as Nominee for Webster Bank) |
| 5/11/2004 | Discharge of Mortgage (Manufacturers and Traders) |

Thibault

| | |
|---|---|
| 3/19/1992 | Certificate of Correction |
| 5/7/1993 | Mortgage (Beneficial Mortgage Co.) |
| 8/17/1995 | Discharge of Mortgage (Beneficial Mortgage Co.) |

On October 30, 2013, the Debtor filed for protection under Chapter 7 of the Bankruptcy Code. In the box calling for the "Name of Debtor," the Debtor's last name is spelled Thibault (without an *e*). Directly beneath, in the section requiring the Debtor to

4

list all other names used by the Debtor in the last 8 years, it states "AKA Yvette Thibeault." According to the Trustee, at the initial meeting of creditors, the Debtor presented a Massachusetts driver's license on which her last name was spelled Thibault, without an *e*.

On January 7, 2014, the Trustee commenced this adversary proceeding against Chase and MERS (the "Defendants") in which he seeks avoidance of the Mortgage pursuant to § 544 and preservation of the Mortgage for the bankruptcy estate under § 551. The Defendants filed their Motion to Dismiss, and the Trustee followed with his Summary Judgment Motion. The Defendants responded with their own request for summary judgment. After a hearing on the Motion to Dismiss and the Summary Judgment Motions held April 23, 2014, the Court took the matter under advisement.

II. <u>POSITIONS OF THE PARTIES</u>

The Trustee argues that the Mortgage may be avoided pursuant to the "strong-arm" powers of § 544, because the Mortgage was not recorded under the name "Thibault" – which, the Trustee maintains, is the "legally correct" spelling of the Debtor's last name. According to the Trustee, his only duty was to search the Registry under Debtor's "true" surname, a search which would not have revealed the existence of the Mortgage. The Trustee asserts that "the Mortgage does not correctly identify the Debtor," "does not provide notice to a bona fide purchaser without actual notice of the Mortgage," is therefore avoidable under § 544(a)(3), and may be preserved for the benefit of the estate pursuant to § 551. Complaint 4, ¶ 19.

The Defendants respond with the assertion that the spelling of the Debtor's last

5

name with an *e* – as Thibeault – is not a material defect, but rather a slight variation or scrivener's error. Relying on Massachusetts case law, as well as the Real Estate Bar Association's Title Standard Number 21, the Defendants say that this type of minor variation does not preclude the Mortgage from providing constructive notice to perspective bona fide purchasers. According to the Defendants, therefore, the recording of the Mortgage was sufficient to constitute constructive notice of its existence.

The Defendants further argue that, even if the variation in the Debtor's name were material, the Trustee had constructive notice of the Mortgage on account of the three filings indexed under the name Thibault – the Certificate of Correction, the 1993 mortgage, and the associated release of that mortgage. Relying on <u>Agin v. JPMorgan Chase Bank, N.A. (In re Adams)</u>, 462 B.R. 1 (Bankr. D. Mass. 2011), the Defendants say that because those three documents provide information, within the chain of title, that the Debtor was also known by the last name Thibeault, they provide constructive notice of the Mortgage. [4]

III.   <u>DISCUSSION</u>

**A. Jurisdiction**

The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), and (O).

**B. Summary Judgment Standard**

---

[4] The Defendants have further argued that, in the Complaint, the Trustee contends that the Mortgage is also defective because the notarization fails to specify the form of evidence of identification presented. The Court reads the Complaint as asserting a defect in the notarization only on account of the "misspelling" of the Debtor's last name. And to that extent, the Court disagrees for the reasons set forth below.

6

"In order to prevail on a motion for summary judgment, the moving party must show 'that there is no genuine dispute as to any material fact' and that it 'is entitled to judgment as a matter of law.'" OneBeacon Am. Ins. Co. v. Commercial Union Assur. Co. of Canada, 684 F.3d 237, 241 (1st Cir. 2012) (quoting Fed.R.Civ.P. 56(a)).  Here, the material facts are not in dispute and the Court may rule on the issues raised by the cross-motions for summary judgment as a matter of law.

### C. Avoidance of the Mortgage under § 544(a)

> By reason of the so-called "strong-arm" clause of 11 U.S.C. § 544(a) . . . the Trustee [may] avoid a transfer of an interest in real property of the Debtor to the extent a bona fide purchaser of the property may avoid the transfer.  The Trustee has these powers "without regard to the knowledge of the [T]rustee or of any creditor."  The Trustee nevertheless takes the property subject to any constructive knowledge imposed upon creditors and purchasers under applicable state law.

Collins v. Bank of New England-West, N.A. (In re Daylight Dairy Products, Inc.), 125 B.R. 1, 3 (Bankr. D. Mass. 1991) (quoting 11 U.S.C. § 544(a)) (additional citations omitted).[5] In other words, the avoidance powers contained in § 544(a) cannot defeat a security interest if the trustee "is charged with notice by a statute or rule of law." Dwyer v. Rockland Trust Co. (In re Mammola), 474 B.R. 23, 30 (Bankr. D. Mass. 2012) (quoting 5 Tiffany's

---

[5] Specifically, § 544(a)(3), the provision on which the Trustee relies, provides:

> (a)  The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>
> . . .
>
> (3)  a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such purchaser exists.

11 U.S.C. § 544(a)(3).

Real Property § 1284, at 50).  Here, Massachusetts law applies.  And under Massachusetts law, a properly recorded mortgage constitutes constructive notice to subsequent purchasers and attaching creditors, see Mass. General Laws ("MGL") ch. 183, § 4; Baldiga v. Golemo (In re Golemo), 494 B.R. 588, 593 (Bankr. D. Mass. 2013).

According to the Trustee, the Mortgage is legally defective and thus not properly recorded because the Debtor's last name is spelled Thib*e*ault and not Thibault.  The Defendants respond that this "mistake" or "scrivenor's error" is not material and is excused under Massachusetts law, thus rendering the Mortgage properly recorded and sufficient to provide constructive notice of its contents.  Both arguments proceed from an underlying assumption that the Debtor's "true," "correct," or "legal" surname is Thibault, and not Thib*e*ault, an assumption that does not hold under Massachusetts law.

In Massachusetts, unless adopted for fraudulent or other nefarious reasons, a persons' *chosen* name – i.e., a name they regularly use – has legal effect:

> "[A]t common law a person may change his name at will, without resort to legal proceedings, by merely adopting another name, provided that this is done for an honest purpose." A person may be known by, and use, more than one name, and the business he transacts under such names will be valid and binding if unaffected by fraud.

Commonwealth v. Clark, 846 N.E.2d 765, 771, 446 Mass. 620 (2006) (quoting Merlovitz, petitioner, 70 N.E.2d 249, 250, 320 Mass. 448 (1946)) (additional citations omitted); see also Young v. Jewell, 87 N.E. 604, 604, 201 Mass. 385 (1909) ("Where a person is in fact known by two names, either one can be used.  This principle has been applied in about every connection.").

The Trustee relies on the Certificate of Correction and the fact that the Debtor's driver's license spells her last name as Thibault in arguing that that spelling is the "correct"

8

one. But the Massachusetts Supreme Judicial Court (the "SJC") has explained that documents such as a driver's license do not determine what constitutes a person's legal name. For example, in Clark, the SJC noted that even the name on an individual's birth certificate may not be the individual's "true" name under Massachusetts law, in light of the common law rule. See 846 N.E.2d at 773. And in Sec'y of the Commonwealth v. City Clerk of Lowell, the SJC took care to clarify that to the extent any of its earlier cases had "suggest[ed] that a person has a 'legal name' or a name 'with legal effect,' *different from the name he has lawfully chosen*, those suggestions were not necessary to decision." 366 N.E.2d 717, 722, 373 Mass. 178 (1977) (emphasis supplied).

Whether a person is "known" by a name or has chosen to use a particular name for an honest purpose is a question of fact. See, e.g., Bridges v. Hart, 18 N.E.2d 1020, 1021, 302 Mass. 239 (1939). The record presented to the Court, as summarized above, clearly establishes that the Debtor used both spellings of her last name regularly in the transaction of business, both before *and after* the Certificate of Correction was filed. Indeed, she indicated her use of both names on the first page of her bankruptcy petition, noting that although the petition was filed in the name of "Thibault," she was also known by "Thibeault." Accordingly, the Court cannot conclude that "Thibault" constitutes the Debtor's only "true," "correct," or "legal" name. And the record is devoid of any indication that the alternate spelling of her surname arose from a dishonest or fraudulent purpose. Accordingly, under Massachusetts law, both spellings of the Debtor's last name are valid and may be legally used.[6]

---

[6] Thus, cases cited by the parties dealing with the effect of a *mistake* in an individual's name, while informative in some respects, are not directly on point. See, e.g, Bates v. Nessen, 161 N.E. 410, 263 Mass. 371 (1928); Norris v. Anderson, 64 N.E. 71, 181 Mass. 308 (1902); Ouimet v.

9

A long line of Massachusetts cases hold that where an individual is known by different names, proper recording under any name by which the person is known constitutes constructive knowledge of the instrument. See, e.g., Colonial Bank Trust Co. v. Sheehan, 258 N.E.2d 306, 307, 357 Mass. 239 (1970); Lancy v. Snow, 62 N.E. 735, 737, 180 Mass. 411 (1902); Gillespie v. Rogers, 16 N.E. 711, 146 Mass. 610 (1888); Mac-Gray Services, Inc. v. Bay Macy, LLC, 2000 WL 1273853, *2 (Mass. Super. March 23, 2000). And in Seder v. Zakaras, 35 F.2d 729, 730 (1st Cir. 1929), the First Circuit Court of Appeals, relying on this line of Massachusetts case law, held that a trustee's rights as an attaching creditor under § 75 of the 1898 Bankruptcy Act could not defeat a mortgage given by an individual debtor, even though the mortgage was recorded under the name assumed by the debtor for use in his business.

Because the record presented establishes that the Debtor regularly used and was known under the surname Thibeault, the execution and recording of the Mortgage under that spelling cannot be said to be incorrect. It may be that a search under the surname Thibault would not immediately reveal the existence of the Mortgage, but the SJC has directed that:

> where deeds or other instruments requiring to be recorded are given or received by persons or corporations known by different names, the records may fail to furnish exact and literal information; and yet, where the instrument itself is a genuine one, and has been executed in good faith, the record has been held sufficient to furnish constructive notice of the real transaction.

Gillespie, 16 N.E. at 714.[7]

---

Sirois, 124 Mass. 162 (1878); Brogna v. Metro Credit Union, 2009 WL 2196890, *5 (Mass Land Ct. July 24, 2009).

[7] The risk of mischief in permitting the recording under any name legitimately used by an individual is minimized in both this particular case and in general. Arguably, because a search under the

Accordingly, the Mortgage cannot be defeated by the Trustee pursuant to § 544, and thus may not be preserved for the benefit of the estate under § 551.

IV.     <u>CONCLUSION</u>

For all of the foregoing reasons, the Trustee's Summary Judgment Motion will be DENIED, the Defendants' Summary Judgment Motion will be GRANTED, and the Motion to Dismiss considered MOOT. Orders and a Judgment in conformity with this Memorandum shall issue forthwith.

DATED: September 29, 2014            By the Court,

_____

Henry J. Boroff
United States Bankruptcy Judge

---

names Thibault or Thibeault would have disclosed the existence of the 1993 mortgage to Beneficial Mortgage Corp. which referenced both names and the relationship between them, a bona fide purchaser, with whose rights the Trustee is clothed under § 544(a), would have had constructive notice of the Debtor's use of both spellings. In addition, currently, under MGL ch. 184 § 25, an instrument is considered "recorded in due course" only if "so recorded in the registry of deeds . . . as to be indexed in the grantor index under the name of the owner of record." Thus, under current Massachusetts law, a mortgage recorded under a name different from that appearing on the underlying property deed would not constitute constructive notice, even if the name on the mortgage was one by which the grantor was commonly known. Here, the Mortgage was, in fact, recorded so as to be indexed under the spelling of the Debtor's last name as it appeared on the Deed.

11